```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

DEMETRI RAPHAEL PRESLEY, §
SPN NO. 01689372, §
 §
        Petitioner, §
 §
v. §   CIVIL ACTION NO. H-14-2664
 §
SHERIFF ADRIAN GARCIA, §
 §
        Respondent. §

## MEMORANDUM OPINION AND ORDER

Demetri Raphael Presley, an inmate of the Harris County Jail, has submitted a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) challenging the validity of his incarceration pursuant to several pending state criminal indictments out of the 183rd District Court of Harris County, Texas. This suit will be dismissed for failure to exhaust state court remedies.

### I. Claims and Case Status

Presley seeks dismissal of charges that have been filed against him. He claims that he was originally charged with attempted robbery of his girlfriend but that the incident was merely a scuffle over some items he had purchased at a smoke shop. The charge was later changed to domestic violence. Presley complains that his attorney has been ineffective by failing to investigate the incident or seeking dismissal of the charges. He

also claims that his attorney has not given him good legal advice regarding a plea offer.

The records of the Harris County District Clerk's Office indicate that Presley is awaiting trial after having been charged with theft, assault of a family member with bodily injury, and delivery of a controlled substance. See Website of the Office of the Harris County District Clerk, www.hcdistrictclerk.com. Presley's next hearing in the Harris County state district court is November 17, 2014. Id.

## II. Analysis

If Presley were challenging a final state court conviction, his petition would be brought under 28 U.S.C. § 2254, which contains provisions requiring exhaustion of state court remedies before seeking relief in federal court. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief."), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S. Ct. 509,

512-13 (1971); <u>Myers v. Collins</u>, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. <u>Coleman v. Thompson</u>, 111 S. Ct. 2546, 2555 (1991); <u>Ries v. Quarterman</u>, 522 F.3d 517, 523 (5th Cir. 2008), <u>citing</u> <u>Moore v. Quarterman</u>, 491 F.3d 213, 220 (5th Cir. 2007). Federal courts follow this principle to afford state courts the first opportunity to address and correct the alleged violations of a petitioner's federal rights. <u>Id.</u> Therefore, a habeas petitioner must go through the state court system before presenting his constitutional claims in a federal petition. See <u>Rhines v. Weber</u>, 128 S. Ct. 1528, 1533 (2005).

In this proceeding Presley is challenging a pending trial proceeding, not a final conviction. Pretrial petitions are properly brought before the federal courts under 28 U.S.C. § 2241. <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998), <u>citing</u> <u>Dickerson v. State of La.</u>, 816 F.2d 220, 224 (5th Cir. 1987). Although section 2241 does not contain explicit language requiring exhaustion of available remedies, the United States Court of Appeals for the Fifth Circuit has placed such a requirement on federal challenges of pretrial proceedings. <u>Dickerson</u>, 816 F.2d at 224. There is no record of an appeal or writ of habeas corpus being filed in Presley's state criminal proceeding. See <u>www.hcdistrictclerk.com</u>. Absent special circumstances, which are not present in this action, a federal petition for a writ of habeas corpus may not be filed until state remedies have been exhausted.

Dickerson, at 225-27; Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction.

Should Presley file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. See 28 U.S.C. § 2253; Stringer, 161 F.3d at 262; Whitehead, 157 F.3d at 386; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

The court **ORDERS** the following:

1. Demetri Presley's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust state court remedies.

2. Presley's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. Presley's subsequent Application to Proceed In District Court Without Prepaying Fees or Costs (Docket Entry No. 3) is **DENIED** as **MOOT**.

4. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 7th day of October, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE